UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUBURN TRACE, LTD.                                              Chapter 11

    Debtor.                                                       Case No.: 15-10317-PGH
_____/

**DEBTOR-IN-POSSESSION'S MOTION TO EXTEND DEBTOR'S EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES OF THE PLAN OF REORGANIZATION**

    Auburn Trace, Ltd. (the "**Debtor**"), by and through its undersigned counsel, hereby files this *Motion to Extend Debtor's Exclusive Period to Solicit Acceptances of the Plan of Reorganization*, and in support thereof, respectfully states as follows:

**JURISDICTION**

    1.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

    2.    On January 7, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**") to restructure its secured debt, maximize the value of its assets, and provide a distribution to creditors.

    3.    On April 6, 2015, the Debtor filed its Plan of Reorganization (the "**Plan**") [ECF No. 72] and the Amended Disclosure Statement (the "**Disclosure Statement**") [ECF No. 91] was filed on May 22, 2015.

    4.    On May 26, 2015, this Court entered an *Order (I) Approving Amended Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's Obligations*

(the "**Scheduling Order**"), which scheduled the hearing to consider confirmation of the Plan on July 21, 2015 (the "**Confirmation Hearing**").  *See* ECF No. 63.  The Confirmation Hearing was subsequently continued because the Disclosure Statement provides that the Court shall rule on the *Motion for Approval of Confidential Settlement Agreement Pursuant to Rule 9019* (the "**Settlement Motion**") [ECF No. 61] and the objection to same filed by The City of Delray Beach (the "**Objection**") [ECF No. 74] prior to the Confirmation Hearing and the Settlement Motion and Objection have not yet been scheduled for hearing since the parties are in the process of finalizing discovery.

### RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

5. Through this motion, the Debtor respectfully requests that this Court enter an order extending the exclusive period to solicit acceptances of the Plan for a period of forty-five days, through and including October 19, 2015.

6. Pursuant to 11 U.S.C. § 1121(c)(3), a debtor has the balance of 180 days after the order for relief to solicit acceptances of its plan of reorganization (the "**Exclusive Solicitation Period**").  The Debtor's Exclusive Solicitation Period is presently September 4, 2015.  *See* ECF No. 149.

7. Section 1121(d) of the Bankruptcy Code provides, in part, as follows:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may **for cause** . . . increase the 120-day period or the 180-day period referred to in this section.

8. In determining whether cause exists for an extension of a debtor's exclusive period to solicit acceptances, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the periods.  These factors include, but are not limited to:  (i) the size and complexity of the case; (ii) necessity of sufficient time to negotiate and

prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) whether the debtor is paying its debts as they come due; (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (vi) whether the debtor has made progress negotiating with creditors; (vii) length of time the case has been pending; (viii) whether the debtor is seeking an extension to pressure creditors; and (ix) whether unresolved contingencies exist. *In re Friedman's Inc.*, 336 B.R. 884, 889–89 (S.D. Ga. 2005).

9. Since the Petition Date, the Debtor filed its Plan and Disclosure Statement, the Disclosure Statement was approved by the Court, and the Debtor has been involved in negotiations with its creditors relating to the treatment in the Debtor's Plan. As of the date of this filing, Class 1 (secured tax claims) and Class 5 (general unsecured creditors) voted in favor of the Plan. As it relates to the class of unsecured creditors, the Debtor received ten acceptance votes. The only two classes that voted to reject the Plan were the claims of the City of the Delray Beach ("**DB**") in Classes 2 and 3.

10. On September 1, 2015, this Court conducted an initial hearing on DB's *Motion to Appoint Chapter 11 Trustee* (the "**Trustee Motion**") [ECF No. 146] and to consider confirmation of the Debtor's Plan. The Confirmation Hearing and the hearing on the Trustee Motion were continued until the hearing date to be scheduled to consider the Settlement Motion and Objection since the parties are in the process of finalizing discovery. The Debtor and DB have diligently been involved in settlement negotiations in an effort to resolve their various disputes while continuing to complete discovery in the event no resolution is reached.

11. Additionally, the Debtor has negotiated several interim orders authorizing the Debtor's use of cash to operate its business [ECF Nos. 30, 65, 84 & 113].

12. As such, the Debtor's request for extension of the time period to solicit acceptances is reasonable given the Debtor's progress to date.

13. Accordingly, the Debtor respectfully requests that this Court enter an order extending the Exclusive Solicitation Period for a period of forty-five (45) days, through and including October 19, 2015.

14. The Debtor does not believe that any creditor or party in interest will be prejudiced by this extension.

**WHEREFORE**, the Debtor respectfully requests the entry of an order extending the Exclusive Solicitation Period for forty-five (45) days through and including October 19, 2015, without prejudice to seeking further extensions in the event circumstances require it and granting any other and further relief that is just and proper.

        **Respectfully submitted,**

        **SHRAIBERG, FERRARA & LANDAU, P.A.**
        Attorneys for the Debtor
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: bshraiberg@sfl-pa.com

        By:    */s/ Bradley S. Shraiberg*
                Bradley S. Shraiberg
                Fla. Bar No. 121622
                Lenore M. Rosetto Parr
                Fla. Bar. No. 064448

**ATTORNEY CERTIFICATION**

 **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this 4th day of September, 2015.

           */s/ Bradley S. Shraiberg*
           Bradley S. Shraiberg