

**ORDERED in the Southern District of Florida on January 14, 2016.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUBURN TRACE, LTD.                                    Chapter 11

   Debtor.                                                         Case No.: 15-10317-PGH
_____/

**ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT FOR JOINT
CHAPTER 11 PLAN OF LIQUIDATION AND
CONFIRMING DEBTOR'S JOINT CHAPTER 11 PLAN OF LIQUIDATION**

**THIS MATTER** came before the Court for hearing (the "**Confirmation Hearing**") on January 13, 2016 to consider final approval of Auburn Trace, Ltd.'s (the "**Debtor**") *Disclosure Statement for Joint Chapter 11 Plan of Liquidation* [ECF No. 192] (the "**Disclosure Statement**") and confirmation of the *Joint Chapter 11 Plan of Liquidation* [ECF No. 183] (the "**Plan**"). The Court, having considered the Plan and the Disclosure Statement, the documents admitted into evidence, the argument of counsel, and pursuant to Bankruptcy Rule 7052, makes the following findings of fact and conclusions of law:

## **FINDINGS OF FACT & CONCLUSIONS OF LAW**

A. Adequate and sufficient notice, as required pursuant to the Bankruptcy Rules and this Court was provided to all known creditors, equity security holders, the Office of the U.S. Trustee, and other parties in interest of: i) the Plan and the Disclosure Statement; ii) the deadline to file and serve objections to Confirmation[1] of the Plan; iii) the deadline for voting on the Plan; and iv) the hearing on the approval of the Confirmation of the Plan.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's general order of reference. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§1408 and 1409.

C. The Disclosure Statement contains "adequate information" regarding the Plan in accordance with 11 U.S.C. § 1125(a).

D. The Plan complies with the applicable provisions of the Bankruptcy Code with respect to all Classes of Claims and Interests under the Plan and, therefore, the provisions of 11 U.S.C. § 1129(a)(1) have been satisfied.

E. The Debtor and DB, the proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code. Accordingly, the requirements of 11 U.S.C. § 1129(a)(2) have been satisfied.

F. The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the requirements of 11 U.S.C. § 1129(a)(3) have been satisfied.

G. Any payments made or to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or

---

[1] All capitalized terms shall have the meaning ascribed to them in the Plan, unless otherwise indicated herein.

are subject to the approval of, this Court as reasonable. Accordingly, the requirements of 11 U.S.C. § 1129(a)(4) have been satisfied.

H. Since the Plan is a liquidating Plan, there will be no individuals serving as a director, officer or voting trustee of the Debtor after Confirmation. Similarly, the Debtor will not be employing or retaining any employees after Confirmation. Accordingly, the Debtor has satisfied the requirements of 11 U.S.C. § 1129(a)(5).

I. No governmental regulatory commission has jurisdiction over the rates of the Liquidated Debtor. Accordingly, the requirements of 11 U.S.C. § 1129(a)(6) is not applicable.

J. Claims in Classes 2 and 3 are Impaired under the Plan and voted and accepted the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied with respect to each impaired class of Claims or Interests.

K. The Plan divided creditors into six (6) classes. Claims in Classes 2 and 3 are Impaired under the Plan and voted and accepted the Plan. Classes 1, 4 and 5 are Unimpaired and deemed to have accepted the Plan and Class 6 is deemed to have rejected the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(8) have been satisfied.

L. The requirements of 11 U.S.C. § 1129(a)(9) are satisfied based on the payments to be made to the holder of the Allowed Priority Tax Claims.

M. The requirements of 11 U.S.C. § 1129(a)(10) have been satisfied with respect to one Impaired Class of Claims accepting the Plan, not including acceptance of the Plan by any Insiders, since Impaired Classes 2 and 3 voted and accepted the Plan.

N. The Plan will be funded by the Sale Proceeds received from the sale of the Real Property and any Cash held by the Debtor as of the date of the Confirmation Hearing. The net sale proceeds to be paid pursuant to the Plan will be sufficient to pay the allowed non-insider unsecured

claims in full.  Based on the foregoing, the Debtor asserts that it is able to perform all of its obligations under the Plan, and as such, the Debtor's Plan satisfies section 1129(a)(11) of the Code.

O.	The Plan provides for payment in full of all fees payable under 28 U.S.C. § 1930.  To the extent, any fees remain due and owing, they will be paid upon the Effective Date of the Plan.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(12) have been satisfied.

P.	Except as provided in the Plan, and other than stock option or similar plans, which will be cancelled as part of the treatment of any Class of Claims under the Plan, all employment and severance practices and policies, and all compensation and benefit plans, policies, and programs of the Debtor applicable to its directors, officers, and employees who served as directors, officers and employees, respectively, on or after the Petition Date, including, without limitation, all savings plans, retirement plans (exclusive of defined benefit plans), health care plans, severance benefit plans, incentive plans, workers' compensation programs and life, disability and other insurance plans, are treated as Executory Contracts under the Plan and are hereby assumed pursuant to sections 365(a) and 1123(b)(2) of the Code; *provided, however*, that the Liquidated Debtor reserves the right to modify any and all such compensation and benefit practices, plans, policies, and programs in accordance with the terms thereof.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(13) have been satisfied.

Q.	11 U.S.C. § 1129(a)(14), (15) and (16) do not apply to this case because these provisions apply to individual debtors, or to nonprofit corporation and trusts.  Accordingly, 11 U.S.C. § 1129(a)(14)-(16) are not applicable.

R.	The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation hearing are incorporated by reference herein.

S.  All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied. Confirmation of the Plan is in the best interests of the Estate, its creditors, its equity security holders, and all other parties in interest.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Disclosure Statement is **APPROVED** in all respects.

2. The Plan is **CONFIMRED** and **APPROVED** as stated herein in all respects.

3. Any objections to Confirmation not withdrawn or otherwise addressed in this Order are expressly **OVERRULED**.

4. The treatment of classified Claims and Equity Interests under the Plan is as follows:

   a. Class 1 – Allowed Secured Tax Claims

Class 1 consists of the Allowed Secured Tax Claims on the Real Property. Except to the extent that the holders of the Allowed Secured Tax Claims have been paid by the Debtor or some other party prior to the Effective Date or agrees to a different treatment, the Class 1 Claimholders shall be paid 100% of the Allowed Amount of the Claim upon the Closing from the Sale Proceeds. Notwithstanding the foregoing, in the event, DB credit bids the amount of its Allowed Secured Claims against the Real Property, subject to higher and better offers, because no prospective purchaser offers to purchase the Real Property for the sum of at least $9,050,000 during the ninety (90) day period after Marcus & Millichap Inc. was retained by the Bankruptcy Court, the Debtor's Cash on hand as of the date of this filing shall be used to fund 100% of the Allowed Secured Tax Claims to permit DB to obtain the Real Property with the real estate taxes paid.

   b. Class 2 – Allowed Secured Claim of DB as it relates to the First Position Mortgage on the Real Property

Class 2 consists of the Allowed Secured Claim of DB as it relates to the first position mortgage on the Real Property. Except to the extent that the holder of the Allowed Class 2 Claim and the Allowed Class 3 Claim has been paid prior to the Effective Date or agrees to a different treatment, in full satisfaction, settlement, release and extinguishment of the Allowed Class 2 Claim and the Allowed Class 3 Claim, the holder of the Allowed Class 2 Claim and the Allowed Class 3 Claim shall receive a minimum payment of $9,050,000 from the sale of the Debtor's Real Property and any and all other Property of the Estate. In addition, until paid in full, the holder of the Allowed Class 2 Claim and Class 3 Claim shall receive fifty percent (50%) of the net proceeds of the sale of the Real Property over and above $9,050,000 and any and all other Property of the Estate, until both the Allowed Class 2 Claim and the Allowed Class 3 Claim have been paid in full including all default interest due, plus, attorney fees, costs and penalties as allowed by the loan documents that continues to accrue. In the alternative, the holder of the Allowed Class 2 Claim and the Allowed Class 3 Claim shall be entitled to a credit bid of $9,050,000 in the sale of the Debtor's

Real Property and any other Property of the Estate. In the event that the holder of the Allowed Class 2 Claim and the Allowed Class 3 Claim is the successful purchaser for the sale of the Debtor's Real Property, all Cash on hand will be used first to satisfy all Secured Tax Claims. The agreement to defer payment of a portion of the Allowed Class 2 Claim and the Allowed Class 3 Claim and in providing a portion of the net proceeds of the sale described herein to the Debtor to satisfy its other Claims prior to payment of the two senior liens described herein, represents a compromise and settlement.

The holders of the Allowed Class 2 Claim and the Allowed Class 3 Claim retain any and all Liens on the Debtor's Real Property and other rights until such time as the proposed payments herein have been satisfied. Upon completion of the payment described herein, the holders of the Allowed Class 2 Claim and the Allowed Class 3 Claim shall release its liens on the Real Property.

c. Class 3 – Allowed Secured Claim of DB as it relates to the Second Position Mortgage om the Real Property

Class 3 consists of the Allowed Secured Claim of DB as it relates to the second position mortgage on the Real Property. The treatment for the holder of the Allowed Class 3 Claim is described fully with the treatment of the Allowed Class 2 Claim. The holder of the Allowed Class 3 Claim shall receive no other distribution other than as described in Section 4.02 of the Plan. The holders of the Allowed Class 2 Claim and the Allowed Class 3 Claim retain any and all Liens on the Debtor's Real Property and other rights until such time as the proposed payments herein have been satisfied. Upon completion of the payment described herein, the holders of the Allowed Class 2 Claim and the Allowed Class 3 Claim shall release its liens on the Real Property.

d. Class 4 – Allowed Secured Claim of US Small Business Administration

Class 4 consists of the Allowed Secured Claim of US Small Business Administration as it relates to the third position mortgage on the Real Property. Except to the extent that the holder of the Allowed Class 4 Claim has been paid prior to the Effective Date or agrees to a different treatment, in full satisfaction, settlement, release and extinguishment of the Allowed Class 4 Claim, the Class 4 Claimholder shall be paid up to the Allowed Amount its Claim from the 50% DB Payment. US Small Business Administration shall retain any and all Liens on the Real Property and other rights until such time as the proposed payment herein have been satisfied. Upon completion of the payment described herein, US Small Business Administration shall release its Liens on all property retained by the Debtor, including the Real Property.

e. Class 5 – Allowed General Unsecured Claims and Allowed General Undersecured Claims

Class 5 consists of the Allowed General Unsecured Claims and Allowed General Undersecured Claims. The Debtor estimates the Insider Claims of Auburn Group Company, LLC and Florida Affordable Housing, Inc. total approximately $562,966.54 in the aggregate. Pursuant to the terms of the agreement reached with DB, upon Confirmation of the Plan, the holders of the Insider Claims have agreed to subordinate payment of their respective Claims until all Allowed Administrative Claimholders have been paid in full, holders of Claims in Classes 1 and 4 have

been paid in full, DB has been paid the sum of $9,050,000, and holders of Allowed non-Insider Claims in Class 5 have paid in full. The agreement by Florida Affordable Housing, Inc. and Auburn Group Company, LLC to subordinate their Claims is expressly conditioned upon the Confirmation of the Plan.

Except to the extent that the holder of an Allowed non-Insider Class 5 Claim has been paid prior to the Effective Date or agrees to a different treatment, in full satisfaction, settlement, release and extinguishment of their respective Allowed Class 5 Claims, the Allowed non-Insider Class 5 Claimholders shall be paid up to the Allowed Amount of their respective Allowed Claims from the 50% DB Payment less the amounts paid to the holder of the Allowed Class 4 Claim.

In the event the Allowed non-Insider Class 5 Claims are paid in full as set forth above, the remaining Cash on hand plus the remaining net Sale Proceeds will be split equally between (i) DB; and (ii) the Insider Claimholders of Auburn Group Company, LLC and Florida Affordable Housing, Inc. (the "**Insider Claims**") until the Insider Claims have been paid in full.

f. Class 6 – Allowed Equity Interests

Class 6 consists of the Allowed Equity Interests in the Debtor, which includes interests in any share of preferring stock, common stock or other instrument evidencing ownership interest in the Debtor, whether or not transferable, and any option, warranty, right, contractual or otherwise, to acquire any such interest. In the event the holders of Allowed Claims in Sections 4.04 and 4.05 of the Plan (Classes 4 and 5) have been paid in full, holders of Allowed Equity Interests shall be paid from the 50% DB Payment.

5. As indicated in paragraph 3 of the Order approving the proposed Agreement of Sale (the "**Sale Contract**") by and between the Debtor and 4114 S. Auburn, LLC, Blue Rock Auburn, LLC and Blue Stone Auburn, LLC (collectively, the "**Purchaser**") for the sale of the Debtor's Real Property (the "**Sale Order**") [ECF No. 203],[2] the Sale Order is effective upon the entry of this Order. The Real Property means the real property located at 625 Auburn Circle W., Delray Beach, Florida 33444.[3]

---

[2] The full title of the Sale Order was as follows: *Order Granting Debtor-in-Possession's Motion for Entry of an Order Approving Proposed Agreement of Sale by and between Auburn Trace, Ltd. and 4114 S. Auburn, LLC, Blue Rock Auburn, LLC and Blue Stone Auburn, LLC for the Sale and Purchase of Debtor's Real Property Free and Clear of all Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363*. The Sale Order was dated December 28, 2015 as set forth in Docket Entry 203.

[3] The legal description for the parcels of Real Property is as follows: Tract C-2, Tract A and Tract D of VILLAGE AT DELRAY, according to the Plat thereof as recorded in Plat Book 112, Page 35, Public Records of Palm Beach County, Florida. Tax Folio Number 12-43-46-20-01-025-0010: N 15 FT OF S 25 FT OF W 295.20 FT OF E 320.20 FT & S 10 FT OF W 372.50 FT OF E 397.50 FT OF LT 25, as shown on the Plat of Map Showing Townships 45 and 46 South, Range 43

6. The Debtor and DB shall escrow the sum of $109,153.70 until further ruling from this Court on the reasonableness of the Iberia Bank's prepetition attorneys' and appraiser fees, unless the parties agree in writing to any or all of the fees being released without any further Court adjudication.

7. The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact it shall be so deemed.

8. Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

9. The Effective Date shall mean the fifteenth (15th) day after the entry of this Order. In the event this Order is stayed pending appeal, the Effective Date shall be the later of fifteen (15) days after the entry of an Order either lifting the stay or affirming the Confirmation Order.

10. The Liquidated Debtor, or such Person(s) as the Liquidated Debtor may designate with approval of the Court, will act as disbursing agent under the Plan with respect to all Distributions to holders of Claims, and will make all Distributions required to be distributed under the applicable provisions of the Plan. Any disbursing agent may employ or contract with other entities to assist in or make the Distributions required by the Plan. Each disbursing agent will serve without bond, and each disbursing agent, other than the Liquidated Debtor, will receive,

---

East, as recorded in Plat Book 1, Page 4, Public Records of Palm Beach County, Florida. (NOTE: This Legal was taken from the Tax Collector's Website, I found no Deed for this particular description.) Tax Folio Number 12-43-46-20-56-005-0000: Tract E of the Plat of Auburn Trace, according to the Plat thereof as recorded in Plat Book 64, Page 184, Public Records of Palm Beach County, Florida.

without further Court approval, reasonable compensation for distribution services rendered pursuant to the Plan and reimbursement of reasonable out-of-pocket expenses incurred in connection with such services from the Liquidated Debtor on terms acceptable to the Liquidated Debtor.  The Liquidated Debtor shall hold all reserves and accounts pursuant to the Plan and the Disputed Claims Reserve.

11. The Liquidate Debtor is authorized and directed to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan.

12. Any and all Executory Contracts and unexpired leases not assumed by the Liquidated Debtor on or before the Confirmation Date by order of the Court or by this Order are **REJECTED**.

13. Holders of Claims resulting from rejection pursuant to Section 365 of the Bankruptcy Code shall have thirty (30) days after the earlier of (i) the Effective Date or (ii) the date of an Order granting rejection within which to file any Claim based on such rejection.

14. Such documents that may be necessary or appropriate to effectuate the Plan are **APPROVED**.

15. On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the Board of the Debtor or the Liquidated Debtor shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the laws of the State of Florida, and other applicable corporate law of the jurisdiction in which the Liquidated Debtor is organized, without any requirement or further action by the Board of Directors of the Debtor or the Liquidated Debtor.  On the Effective Date, or as soon thereafter as is practicable, the Liquidated Debtor shall, if required, file its amended organizational documents with the secretary of the state of the state in which the Liquidated Debtor is incorporated.

16. *The rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor and the Debtor in Possession, the Estate, DB, or any of the Assets or properties under the Plan.  Except as otherwise provided herein, (i) on the Effective Date, all such Claims against and Equity Interest in the Debtor and/or DB shall be satisfied and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Liquidated Debtor, its successors, DB, or their Assets or properties any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a Proof of Claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan.  Notwithstanding the foregoing, nothing in the Plan shall release, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and/or DB and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.*

17. *Except as otherwise expressly provided in the Plan, this Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtor and DB, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any Action or other proceeding of any kind with respect to any such Claim or Equity Interest against the Debtor and DB, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or*

*order against the Debtor on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest. Such injunctions shall extend to successors of the Debtor (including, without limitation, the Liquidated Debtor) and their respective properties and interests in property.*

18. *The Plan, and the provisions and distributions set forth therein, is a full and final settlement and compromise of all Claims and causes of Action, whether known or unknown, that holders of Claims against and Equity Interests in the Debtor may have against the Debtor and/or DB. In consideration of the obligations of the Debtor, the Liquidated Debtor, and DB under the Plan, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, each holder of a Claim against or Equity Interest in the Debtor and/or DB shall be deemed to forever release and waive all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of Action and liabilities (other than the rights to enforce the Debtor's or the Liquidated Debtor's obligations under the Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 Case or the conduct thereof, or the Plan. Notwithstanding the*

*foregoing, nothing in this paragraph, the Plan, or the this Order shall release any Claim or causes of Action for gross negligence or willful misconduct.*

19. *Upon the entry this Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any Actions to interfere with the implementation or consummation of the Plan, except with respect to Actions any such entity may take in connection with the pursuit of appellate rights.*

20. This Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

21. Pursuant to section 1146(c) of the Code, the issuance, transfer or exchange of notes or Equity Securities under the Plan, including new common stock, creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated by the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

22. Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, and except as otherwise ordered by the Court, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Bankruptcy Case and the Plan to the fullest extent permitted by law.

23. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) through Confirmation on the Effective Date. The Debtor or Liquidated Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this Case by the issuance of a Final Decree by the Court, or upon entry of an order of this Court dismissing this Case, or converting this Case to another chapter under the Code, and the Liquidated Debtor shall provide to the United States Trustee, and concurrently filed with the Court, post-confirmation quarterly operating reports, indicating disbursements for the relevant periods.

24. The Debtor shall serve a copy of this Order upon all parties entitled to notice thereof pursuant to Bankruptcy Rule 3020(c) and Local Rules 2002-1(c)(11) and 3020-1(D), and shall file a certificate of service with the Court.

25. The Court will conduct a status conference on **March 22, 2016 at 9:30a.m.**, at the United States Bankruptcy Courthouse, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom A, West Palm Beach, Florida 33401.

# # #

Submitted by:
**SHRAIBERG, FERRARA & LANDAU, P.A.**
Bradley S. Shraiberg, Esq.
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800/Facsimile: 561-998-0047
Email: bshraiberg@sfl-pa.com

Bradley S. Shraiberg, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.